# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED OF OMAHA LIFE INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> CRANE FINANCIAL & INSURANCE AGENCY, INC. ET AL., <br><br> Defendants. | CV 12-4614 RSWL (AGRx) <br><br> **ORDER Re: PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT** [105-112] |

    Before the Court are Plaintiff United of Omaha Life Insurance Co.'s ("Plaintiff") Motions for Partial Summary Judgment [105-112]. Plaintiff's Motions were set for hearing on September 4, 2013, and taken under submission on August 29, 2013 [123]. Having reviewed all the papers and arguments submitted pertaining to

1

these Motions, **THE COURT NOW RULES AS FOLLOWS:**

The Court hereby **GRANTS** Plaintiff's Motions.

## I. BACKGROUND

This Action stems from a dispute between Plaintiff United of Omaha Life Insurance Company ("Plaintiff") and insurance agents who were authorized to solicit life insurance policies on its behalf.

Plaintiff is a life insurance company. Between August and October of 2011, Defendants Evelyn Namujulirwa, Marie Kalungi, Regius Kayongo, Ronald Lukwago, Regius Nambooze, Robinah Kayongo, Michael Chibueze Monday, and Adrien Muya ("Defendants") entered into separate General Agent Agreements with Plaintiff. These agreements identified Defendants as General Agents of Plaintiff and authorized Defendants to sell life insurance policies on Plaintiff's behalf. In addition, all of the Defendants signed Advance Commission Amendments with Plaintiff, which allowed Defendants to receive advances on their first-year commissions when they successfully solicited life insurance policies on Plaintiff's behalf. However, under the Advance Commission Amendments, Defendants were required to repay their commissions – "chargebacks" – to Plaintiff should any life insurance policies that they solicited lapse within the first year.

Defendants knew that these policies would become inactive after Defendants received their first-year

1  commissions.  Defendants also engaged in a variety of
2  deceptive tactics.  For example, Defendants caused
3  policies to become inactive after receiving first-year
4  commissions and submitted forged applications for
5  policies on unknowing individuals.  Furthermore,
6  Defendants persuaded individuals to cooperate in
7  submitting life insurance applications by promising
8  financial and other inducements and submitted
9  applications for individuals Defendants knew had no
10 intention of keeping the policy in force.  Defendants
11 also submitted and paid the initial premiums for such
12 policies, causing Plaintiff to advance Defendants'
13 first-year commissions.  Defendants eventually refunded
14 premiums to individuals who paid insurance premiums
15 after Plaintiff advanced the first-year commissions to
16 Defendants.  Plaintiff was unaware of the Defendants'
17 scheme.
18     All of the life insurance policies that Defendants
19 sold lapsed or became inactive within 13 months.
20 However, Defendants have refused to repay the first-
21 year commissions to Plaintiff as required by the
22 Advance Commission Amendments.  Defendants' total
23 indebtedness to Plaintiff is now alleged to be in
24 excess of $456,000.
25     Plaintiff filed a Complaint against Defendants
26 Crane Financial & Insurance Agency Inc., Mohammed
27 Kakooza, Damiano Kigoye, Evelyn Namujulirwa, Marie
28 Kalungi, Regius Kayongo, Ronald Lukwago, Regius

Nambooze, Robinah Kayongo, Michael Chibueze Monday, and Adrien Muya, asserting claims for (1) violations of RICO; (2) breach of contract; (3) fraud and deceit; and (4) constructive trust and accounting.

Plaintiff now moves for summary judgment on its breach of contract and its fraud and deceit claims against Defendants Evelyn Namujulirwa, Marie Kalungi, Regius Kayongo, Ronald Lukwago, Regius Nambooze, Robinah Kayongo, Michael Chibueze Monday, and Adrien Muya.

## II.  **LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986).  The evidence, and any inferences based on underlying facts, must be viewed in a light most favorable to the opposing party.  <u>Diaz v. American Tel. & Tel.</u>, 752 F.2d 1356, 1358 n.1 (9th Cir. 1985).

Where the moving party does not have the burden of proof at trial on a dispositive issue, the moving party may meet its burden for summary judgment by showing an "absence of evidence" to support the non-moving party's case.  <u>Celotex v. Catrett</u>, 477 U.S. 317, 325 (1986).

The non-moving party, on the other hand, is

4

required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. <u>Id.</u> at 324. Conclusory allegations unsupported by factual allegations, however, are insufficient to create a triable issue of fact so as to preclude summary judgment. <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993) (citing <u>Marks v. Dep't of Justice</u>, 578 F.2d 261, 263 (9th Cir. 1978)). A non-moving party who has the burden of proof at trial must present enough evidence that a "fair-minded jury could return a verdict for the [opposing party] on the evidence presented." <u>Anderson</u>, 477 U.S. at 255. In ruling on a motion for summary judgment, the Court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. <u>Id.</u>

    A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. <u>Cristobal v. Siegel</u>, 26 F.3d 1488, 1491 (9th Cir. 1994). However, the Court may grant an unopposed motion for summary judgment so long as the moving party's papers are themselves sufficient to support the motion and do not present an issue of material fact. <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993). <u>See</u> <u>also</u> <u>Canal Ins. Co. v. YMV Transp., Inc.</u>, 867 F. Supp. 2d 1099, 1103-05 (W.D. Wash. 2011) (granting unopposed motion for summary judgment).

1  Furthermore, where a party fails to file opposing
2  papers or evidence to a motion for summary judgment,
3  the Court "may assume that the material facts as
4  claimed and adequately supported by the moving party
5  are admitted to exist without controversy." L.R. 56-3.
6  Partial summary judgment is authorized by Federal
7  Rule of Civil Procedure 56. A partial summary judgment
8  is not a final judgment but rather an interlocutory
9  summary adjudication or a pre-trial order. <u>Wynn v.</u>
10 <u>Reconstr. Fin. Corp.</u>, 212 F.2d 953, 956 (9th Cir.
11 1954). Neither is appealable prior to the entry of a
12 final judgment in the case in the absence of a specific
13 statute authorizing an appeal. <u>Id.</u> Rule 56 allows a
14 court to grant partial summary judgment, thereby
15 reducing the number of facts at issue in a trial.
16 <u>State Farm Fire & Cas. Co. v. Geary</u>, 699 F. Supp. 756,
17 759 (N.D. Cal. 1987).

### III. <u>ANALYSIS</u>

**A.  Breach of Contract**

20 The elements of a claim for breach of contract are:
21 "(1) the existence of the contract, (2) plaintiff's
22 performance or excuse for nonperformance, (3)
23 defendant's breach, and (4) the resulting damages to
24 the plaintiff." <u>Oasis West Realty, LLC v. Goldman</u>, 51
25 Cal. 4th 811, 821 (2011). <u>See</u> <u>also</u> <u>Reinhardt v. Gemini</u>
26 <u>Motor Transp.</u>, 879 F. Supp. 2d 1138, 1143 (E.D. Cal.
27 2012).
28 Because Defendants failed to file an opposition,

1  the Court "assume[s] that the material facts as claimed
2  and adequately supported by [Plaintiff] are admitted to
3  exist without controversy."  L.R. 56-3.
4      The Court finds that the elements of Plaintiff's
5  breach of contract claims against Defendants have been
6  established.  The first Oasis West element is met as
7  the undisputed facts establish that Plaintiff entered
8  into two contracts with each Defendant: the initial
9  General Agent Agreement and the Advance Commission
10 Amendment.  The Court also finds that the second Oasis
11 West element is met because Plaintiff performed its
12 obligations under all of these contracts by paying
13 first-year advances upon the policies issued on
14 applications submitted by each Defendant.  The Court
15 finds the third Oasis West element is also met as each
16 Defendant refused to pay the chargebacks after these
17 policies lapsed within the first year.  Defendants were
18 required to repay these chargebacks to Plaintiff.
19 Finally, the Court finds the fourth Oasis West element
20 met.  Plaintiff was damaged in the amount of the unpaid
21 chargebacks and the acquisition and conservation costs
22 incurred.
23     These facts are sufficient to establish Plaintiff's
24 entitlement to judgment as a matter of law on its claim
25 for breach of contract against each Defendant.
26     Because there are no genuine issues of material
27 fact and because the facts clearly show that Plaintiff
28 is entitled to judgment as a matter of law, the Court

**GRANTS** summary judgment as to Plaintiff's breach of contract claims against the eight remaining individual Defendants.

**B.   Fraud and Deceit**

In California, "the elements of fraud which give rise to the tort action for deceit are: (1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1557 (2011) (quoting City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal. App. 4th 445, 481-82 (1998)).  See also Rasidescu v. Midland Credit Mgmt., Inc., 435 F. Supp. 2d 1090, 1099 (S.D. Cal. 2006).

Because Defendants failed to file an opposition, the Court "assume[s] that the material facts as claimed and adequately supported by [Plaintiff] are admitted to exist without controversy."  L.R. 56-3.

The Court finds that the first Bower element, misrepresentation of a material fact, is met. Defendants, while knowing that the policies would become ineffective after Defendants received their first-year commissions, concealed and falsely represented the validity of the submitted policies to Plaintiff.  They did so by, *inter alia*, submitting

8

forged applications for policies on individuals who had no knowledge of the policies and inducing individuals to submit applications by promising financial kickbacks upon Plaintiff's advances of first-year commissions. It appears that these actions were meant to mislead Plaintiff as to a material fact: whether these policies would lapse within the year.

The Court also finds the second <u>Bower</u> element, scienter, is met. Defendants knew that the policies would become inactive after they received their first-year commissions. Accordingly, Defendants knew the falsity of their representations when they made those representations to Plaintiff.

The Court also finds that the third element, intent to deceive and induce reliance, is met. The Court infers that Defendants' admitted actions evidence clear intent to defraud Plaintiff. For example, Defendants submitted forged applications for policies on individuals who had no knowledge of the policies and induced individuals to cooperate with their scheme through financial incentives.

The Court finds the fourth <u>Bower</u> element, Plaintiff's justifiable reliance, is met. "Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into

the contract or other transaction." <u>Alliance Mortgage Co. v. Rothwell</u>, 10 Cal. 4th 1226, 1239 (1995). Justifiable reliance means that "circumstances were such to make it *reasonable* for plaintiff to accept defendant's statements without an independent inquiry or investigation." <u>OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.</u>, 157 Cal. App. 4th 835, 864 (2007) (quoting <u>Wilhelm v. Pray, Price, Williams & Russell</u>, 186 Cal. App. 3d 1324, 1332 (1986)).  In other words, a plaintiff must have not only actually relied on the misrepresentation, but also must have *justifiably* relied on the misrepresentation.

  The Court finds that Plaintiff actually relied on Defendants' misrepresentations, as evidenced by Plaintiff's issuance of policies pursuant to the applications submitted by Defendants.  Furthermore, Plaintiff advanced first-year commissions to Defendants based on these applications.  The Court finds that without Defendants' fraudulent actions, Plaintiff would not have issued these policies or advanced Defendants' first-year commissions.

  The Court also finds that Plaintiff justifiably relied on Defendants' misrepresentations.  Here, Plaintiff was unaware of Defendants' fraudulent scheme when it issued policies based on the applications Defendants submitted.  Given that Plaintiff was unaware of Defendants' scheme, Plaintiff's reliance on Defendants' misrepresentations - such as the forged

1 applications - was reasonable.

2 The Court also finds that the fifth <u>Bower</u> element is met. Plaintiff suffered damages from Defendants' acts in the amount of the unpaid chargebacks. Plaintiff further suffered damages when it incurred acquisition and conservation costs of $118.00 per policy.

Because there are no genuine issues of material fact and because the facts clearly show that Plaintiff is entitled to judgment as a matter of law, the Court **GRANTS** summary judgment as to Plaintiff's fraud and deceit claims against each of the eight remaining individual Defendants.

### IV. CONCLUSION

For the above stated reasons, the Court **GRANTS** Plaintiff's Motions for Partial Summary Judgment.

**IT IS SO ORDERED.**

DATED: September 4, 2013

*RONALD S.W. LEW*
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge