# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED OF OMAHA LIFE INSURANCE CO.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CRANE FINANCIAL & INSURANCE AGENCY, INC. ET AL.,<br><br>　　　　Defendants. | CV 12-4614 RSWL (AGRx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW Re: PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT [105-112]** |

After consideration of all the papers submitted pursuant to Plaintiff United of Omaha Life Insurance Co.'s ("Plaintiff") Motions for Partial Summary Judgment [105-112], the Court makes the following findings of fact and conclusions of law.

///

**UNCONTROVERTED FACTS**

1. Each of the Defendants, Defendants Evelyn Namujulirwa, Marie Kalungi, Regius Kayongo, Ronald Lukwago, Regius Nambooze, Robinah Kayongo, Michael Chibueze Monday, and Adrien Muya ("Defendants"), signed identical contracts: the General Agent Agreement and the Life Insurance Advance Commission Agreement (collectively "the Agreements").

2. As general agents under the General Agent Agreement, Defendants were authorized to solicit applications for life insurance policies on behalf of Plaintiff. Dkt. #105-3.

3. Under the Agreements, Defendants would receive an advance on first-year commissions from Plaintiff after a policy was issued by Plaintiff and the first monthly premium was paid. If a policy became inactive during the first year, then the Defendant who solicited the application for the policy was immediately liable for the unearned remainder of the first-year advance - a "chargeback." Dkt. #105-3; Dkt. #105-4. The Agreements provided that the Defendants would indemnify Plaintiff for any losses Plaintiff suffered resulting from the agreements to make advances to Defendants. Dkt. #105-4.

4. Plaintiff and Defendant Evelyn Namujulirwa entered into the Agreements on August 26, 2011. Dkt. # 105-1 ¶ 1, 5.

5. Plaintiff issued 34 policies based on

1  applications submitted by Defendant Evelyn Namujulirwa.
2  Id. at ¶ 10.
3      6.  Each of the policies Plaintiff issued for
4  applications submitted by Defendant Evelyn Namujulirwa
5  became inactive within the first 13 months of the
6  effective date of each policy.  Id. at ¶ 11.
7      7.  Defendant Evelyn Namujulirwa received a
8  chargeback for unearned commissions in the amount of
9  $49,390.18.  Id. at ¶ 12.
10     8.  Plaintiff incurred acquisition and conservation
11 costs of $118.00 per policy in connection with policies
12 submitted by Defendant Evelyn Namujulirwa.  Id. at ¶
13 13.
14     9.  As a result, Defendant Evelyn Namujulirwa's
15 total liability to Plaintiff is $53,402.18.  Id. at ¶
16 14.
17     10. Plaintiff and Defendant Marie Kalungi entered
18 into the Agreements on August 22, 2011.  Dkt. # 106-1 ¶
19 1, 5.
20     11. Plaintiff issued 14 policies based on
21 applications submitted by Defendant Marie Kalungi.  Id.
22 at ¶ 10.
23     12. Each of the policies Plaintiff issued for
24 applications submitted by Defendant Marie Kalungi
25 became inactive within the first 13 months of the
26 effective date of each policy.  Id. at ¶ 11.
27     13. Defendant Marie Kalungi received a chargeback
28 for unearned commissions in the amount of $13,004.93.

1  Id. at ¶ 12.
2     14.  Plaintiff incurred acquisition and
3  conservation costs of $118.00 per policy in connection
4  with policies submitted by Defendant Marie Kalungi.
5  Id. at ¶ 13.
6     15.  As a result, Defendant Marie Kalungi's total
7  liability to Plaintiff is $14,656.93.  Id. at ¶ 14.
8     16.  Plaintiff and Defendant Regius Kayongo entered
9  into the Agreements on September 29, 2011.  Dkt. #107-1
10 ¶ 1, 5.
11    17.  Plaintiff issued 22 policies based on
12 applications submitted by Defendant Regius Kayongo.
13 Id. at ¶ 10.
14    18.  Each of the policies Plaintiff issued for
15 applications submitted by Defendant Regius Kayongo
16 became inactive within the first 13 months of the
17 effective date of each policy.  Id. at ¶ 11.
18    19.  Defendant Regius Kayongo received a chargeback
19 for unearned commissions in the amount of $21,463.78.
20 Id. at ¶ 12.
21    20.  Plaintiff incurred acquisition and
22 conservation costs of $118.00 per policy in connection
23 with policies submitted by Defendant Regius Kayongo.
24 Id. at ¶ 13.
25    21.  As a result, Defendant Regius Kayongo's total
26 liability to Plaintiff is $24,059.78.  Id. at ¶ 14.
27    22.  Plaintiff and Defendant Regius Nambooze
28 entered into the Agreements on August 31, 2011.  Dkt.

4

1  #108-1 ¶ 1, 5.
2     23.   Plaintiff issued 6 policies based on
3  applications submitted by Defendant Regius Nambooze.
4  Id. at ¶ 10.
5     24.   Each of the policies Plaintiff issued for
6  applications submitted by Defendant Regius Nambooze
7  became inactive within the first 13 months of the
8  effective date of each policy.  Id. at ¶ 11.
9     25.   Defendant Regius Nambooze received a
10 chargeback for unearned commissions in the amount of
11 $9,301.89.  Id. at ¶ 12.
12    26.   Plaintiff incurred acquisition and
13 conservation costs of $118.00 per policy in connection
14 with policies submitted by Defendant Regius Nambooze.
15 Id. at ¶ 13.
16    27.   As a result, Defendant Regius Nambooze's total
17 liability to Plaintiff is $10,009.89.  Id. at ¶ 14.
18    28.   Plaintiff and Defendant Ronald Lukwago entered
19 into the Agreements on October 7, 2011.  Dkt. #109-1 ¶
20 1, 5.
21    29.   Plaintiff issued 20 policies based on
22 applications submitted by Defendant Ronald Lukwago.
23 Id. at ¶ 10.
24    30.   Each of the policies Plaintiff issued for
25 applications submitted by Defendant Ronald Lukwago
26 became inactive within the first 13 months of the
27 effective date of each policy.  Id. at ¶ 11.
28    31.   Defendant Ronald Lukwago received a chargeback

1  for unearned commissions in the amount of $25,726.80.
2  <u>Id.</u> at ¶ 12.
3      32.  Plaintiff incurred acquisition and
4  conservation costs of $118.00 per policy in connection
5  with policies submitted by Defendant Ronald Lukwago.
6  <u>Id.</u> at ¶ 13.
7      33.  As a result, Defendant Ronald Lukwago's total
8  liability to Plaintiff is $28,086.80.  <u>Id.</u> at ¶ 14.
9      34.  Plaintiff and Defendant Robinah Kayongo
10 entered into the Agreements on September 2, 2011.  Dkt.
11 #110-1 ¶ 1, 5.
12     35.  Plaintiff issued 2 policies based on
13 applications submitted by Defendant Robinah Kayongo.
14 <u>Id.</u> at ¶ 10.
15     36.  Each of the policies Plaintiff issued for
16 applications submitted by Defendant Robinah Kayongo
17 became inactive within the first 13 months of the
18 effective date of each policy.  <u>Id.</u> at ¶ 11.
19     37.  Defendant Robinah Kayongo received a
20 chargeback for unearned commissions in the amount of
21 $3,089.38.  <u>Id.</u> at ¶ 12.
22     38.  Plaintiff incurred acquisition and
23 conservation costs of $118.00 per policy in connection
24 with policies submitted by Defendant Robinah Kayongo.
25 <u>Id.</u> at ¶ 13.
26     39.  As a result, Defendant Robinah Kayongo's total
27 liability to Plaintiff is $3,325.38.  <u>Id.</u> at ¶ 14.
28     40.  Plaintiff and Defendant Michael Chibueze

Monday entered into the Agreements on September 20, 2011.  Dkt. #111-1 ¶ 1.

41.  Plaintiff issued 5 policies based on applications submitted by Defendant Michael Chibueze Monday.  Id. at ¶ 10.

42.  Each of the policies Plaintiff issued for applications submitted by Defendant Michael Chibueze Monday became inactive within the first 13 months of the effective date of each policy.  Id. at ¶ 11.

43.  Defendant Michael Chibueze Monday received a chargeback for unearned commissions in the amount of $8,988.72.  Id. at ¶ 12.

44.  Plaintiff incurred acquisition and conservation costs of $118.00 per policy in connection with policies submitted by Defendant Michael Chibueze Monday.  Id. at ¶ 13.

45.  As a result, Defendant Michael Chibueze Monday's total liability to Plaintiff is $9,578.  Id. at ¶ 14.

46.  Plaintiff and Defendant Adrien Muya entered into the Agreements on August 15, 2011.  Dkt. #112-1 ¶ 1.

47.  Plaintiff issued 16 policies based on applications submitted by Defendant Adrien Muya.  Id. at ¶ 10.

48.  Each of the policies Plaintiff issued for applications submitted by Defendant Adrien Muya became inactive within the first 13 months of the effective

date of each policy. Id. at ¶ 11.

49. Defendant Adrien Muya received a chargeback for unearned commissions in the amount of $30,433.72. Id. at ¶ 12.

50. Plaintiff incurred acquisition and conservation costs of $118.00 per policy in connection with policies submitted by Defendant Adrien Muya. Id. at ¶ 13.

51. As a result, Defendant Adrien Muya's total liability to Plaintiff is $32,321.72. Id. at ¶ 14.

52. Defendants each knew that the policies they submitted to Plaintiff would become inactive after they received their first-year commissions. Dkt. #105-1 ¶ 15; Dkt. #106-1 ¶ 15; Dkt. #107-1 ¶ 15; #108-1 ¶ 15; #109-1 ¶ 15; #110-1 ¶ 15; #111-1 ¶ 15; #112-1 ¶ 15.

53. Defendants: (1) caused policies to become inactive after receiving first year commissions, (2) submitted forged applications for policies on individuals who had no knowledge of the policies, (3) induced individuals to cooperate with submitting applications by promising financial and other inducements, (4) submitted applications for policies on individuals who they knew had no intention of keeping the policy in force, and (5) submitted, and paid the initial premium for policies in order to induce Plaintiff to advance first-year commissions, and refunded or rebated initial premiums to individuals after Plaintiff advanced first-year commissions. Id.

1  54.  Plaintiff was unaware of Defendants' scheme
2 when it issued policies based on applications submitted
3 by Defendants.  Id. at ¶ 16.

### CONCLUSIONS OF LAW

1.  In order to establish a claim for breach of contract, a plaintiff must show: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). See also Reinhardt v. Gemini Motor Transp., 879 F. Supp. 2d 1138, 1143 (E.D. Cal. 2012).

2.  The Court hereby finds that Plaintiff entered into valid contracts with each Defendant.  Plaintiff entered into the Agreements with each Defendant.

3.  The Court also finds that Plaintiff fully performed the Agreements by issuing policies and advancing first-year commissions to Defendants based on Defendants' submitted applications.

4.  The Court finds that Defendants, each and individually, breached the Agreements by failing to repay the unearned portions of their first-year commissions - the chargebacks.

5.  The Court finds that Plaintiff has been damaged in the amount of the unpaid chargebacks and in the amount of Plaintiff's acquisition and conservation costs for each policy.

6.  As a result, the Court concludes Plaintiff has

established its claims for breach of contract against each Defendant.

7. In order to establish a claim for fraud and deceit, a plaintiff must show: "(1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." Bower v. AT&T Mobility, LLC, 196 Cal. App. 4th 1545, 1557 (2011) (quoting City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal. App. 4th 445, 481-82 (1998)). See also Rasidescu v. Midland Credit Mgmt., Inc., 435 F. Supp. 2d 1090, 1099 (S.D. Cal. 2006).

8. "Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1239 (1995). Justifiable reliance means that "circumstances were such to make it *reasonable* for plaintiff to accept defendant's statements without an independent inquiry or investigation." OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp., 157 Cal. App. 4th 835, 864 (2007) (quoting Wilhelm v. Pray, Price, Williams & Russell, 186 Cal. App. 3d 1324, 1332

(1986)).

9. The Court finds that Defendants misrepresented a material fact by (1) causing policies to become inactive after receiving first year commissions, (2) submitting forged applications for policies on individuals who had no knowledge of the policies, (3) inducing individuals to cooperate with submitting applications by promising financial and other inducements, (4) submitting applications for policies on individuals who they knew had no intention of keeping the policy in force, and (5) submitting, and paying the initial premium for policies in order to induce Plaintiff to advance first-year commissions, and refunding or rebating initial premiums to individuals after Plaintiff advanced first-year commissions.

10. The Court finds that these actions misrepresented the material fact of whether these policies would lapse within the year.

11. The Court also finds that Defendants knew that the policies would become inactive after they received their first-year commissions. Defendants thus knew the falsity of their representations when they made those representations to Plaintiff.

12. The Court finds that Defendants intended to deceive Plaintiff to induce Plaintiff's reliance. Defendants' actions, such as their submission of forged applications for life insurance policies, evidence a clear intent to deceive Plaintiff and to induce

Plaintiff's reliance.

13. The Court finds that Plaintiff actually relied on Defendants' representations as Plaintiff issued policies pursuant to the applications submitted by Defendants and by advancing first-year commissions based on applications for those policies.

14. The Court finds that Plaintiff was justified in relying on Defendants' myriad of misrepresentations. Given that Plaintiff was unaware of Defendants' scheme, Plaintiff's reliance on Defendants' misrepresentations, especially the forged applications, was reasonable.

15. The Court also finds that as a result of Defendants' misrepresentations, Plaintiff has been damaged in the amount of the unpaid chargebacks and in the amount of Plaintiff's acquisition and conservation costs for each policy.

16. The Court thus finds that Plaintiff has established its claim for fraud and deceit against each Defendant.

**IT IS SO ORDERED.**
DATED: September 4, 2013

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge